```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

NORMAN WAYNE JONES,

        Plaintiff,

v.                             Case No:   2:12-cv-375-Ftm-29DNF

MARCIA ECKLOFF, CORIZON,
KEVIN MCGOWAN, JANET
VALENTIN, TRINITY SERVICE
GROUP, INC., TOM BOWMAN,
SANDRA STERNAL and KEVIN
RAMBOSK,

        Defendants.
_____/

**ORDER**

This matter is before the Court upon review of Defendant Sheriff Kevin Rambosk's "Motion to Dismiss Amended Complaint" (Doc. 33, filed April 5, 2013). Plaintiff has not filed a response to the motion, and the time in which to do so has passed. See Local Rule 3.01(b). Accordingly, the matter is ripe for review.

For the reasons set forth in this Order, Defendant Rambosk's motion is **GRANTED**.

**I.  Background**

Plaintiff initiated this action by filing a complaint against the Collier County Sheriff's Office, Corizon, Marcia Eckloff, Kevin McGowan, and Janet Valentine (Doc. 1, filed July 13, 2013). Because the complaint did not comply with the

Federal Rules of Civil Procedure, Plaintiff was ordered to file an amended complaint (Doc. 10). In the order to file the amended complaint, Plaintiff was directed to "clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint." (Doc. 10 at 2). The Court noted:

> Although personal participation is not specifically required for liability under section 1983, **there must be some causal connection between the defendant named and the injury allegedly sustained.** One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.

(Doc. 10 at 2-3) (emphasis in original). On October 16, 2012, Plaintiff filed an amended complaint in which he named as defendants Marcia Ackloff, Corizon, Kevin Rambosk, Kevin McGowan, Janet Valentin, Trinity Service Group, Inc., Tom Bowman, and Sandra Sternal (Doc. 16).

In his amended complaint, Plaintiff generally alleges that the defendants have failed to provide him with proper medical care (Doc. 16). Specifically, Plaintiff asserts that he needs a specific diabetic diet and that the diet provided by the

2

defendants is not the medically ordered diet to which he is entitled.[1]

Plaintiff seeks fifty million dollars in monetary damages due to his numb toes, weak joints, emotional distress, mental anguish, and future loss of organs (Doc. 16 at 6).  He also wants "Corizon Health Provider and Tom [Bowman] of Trinity to stop pinching every penny and to quit complaining about their budget." (Doc. 16 at 10).  Finally, he wants Sheriff Rambosk "to investigate these facts." Id.

Defendant Rambosk moves to dismiss Plaintiff's amended complaint on the ground that it does not attempt to allege or identify any policy or custom attributable to the sheriff that was the moving force behind the alleged § 1983 violation (Doc. 33 at 2).  Defendant Rambosk also points out that respondeat superior liability does not apply in 42 U.S.C. § 1983 cases (Doc. 33 at 4).

---

[1] The facts, as alleged in Plaintiff's amended complaint are accepted as true.  However, the hand-written complaint is disjointed and difficult to read, with certain portions presenting an illegible narrative that fails to articulate specific acts by the defendants that Plaintiff believes give rise to constitutional violations.  The Court will not speculate as to the constitutional violations Plaintiff is alleging in the illegible portions of his amended complaint.  Accordingly, to the extent Plaintiff intended to raise additional claims or allege additional facts against Defendant Rambosk not considered by the Court in this Order, such claims are dismissed pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. Legal Standards

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing a Rule 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 556 (2007); Marsh, 268 F.3d at 1036 n.16. Thus, "the-defendant-unlawfully

harmed me accusation" is insufficient. <u>Iqbal</u>, 556 U.S. 662, 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

### III. <u>Analysis</u>

Plaintiff's sole allegation against Defendant Rambosk is that he is the sheriff, and as such, "he authorizes the [contractors] as in Corizon/Trinity and is responsible for the care of every inmate in the jail and is responsible for the wrongful acts of his employees and contractors." (Doc. 16 at 6).

It is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>see also</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 & 694 n. 58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior.[2] <u>See</u>

---

[2] Private contractors that run prisons do act under color of state law for purposes of § 1983 liability. <u>Farrow v. West</u>, 320 F.3d 1235, 1239 n. 3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that respondeat superior is not

5

Kruger v. Jenne, 164 F.Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor] who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory).

Plaintiff's amended complaint fails to state a claim as to Defendant Rambosk.  The amended complaint does not allege that he was involved in any decisions regarding the meals given to Plaintiff or that he implemented a policy that was the moving force behind the alleged constitutional violations.  In fact, Plaintiff does not even allege that a particular custom or practice was the cause of the alleged violation of his constitutional rights.  To the contrary, Plaintiff alleges that the employees at the Collier County Jail violated his constitutional rights because they failed to follow a medically ordered diet (Doc. 16 at 7).  The amended complaint predicates liability on Defendant Rambosk based solely upon his position as the Sheriff of Collier COunty.  As stated above, there is no respondeat superior liability under § 1983.

Accordingly, it is hereby **ORDERED**:

---

a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

6

1. Defendant Sheriff Kevin Rambosk's Motion to Dismiss Amended Complaint (Doc. 33) is **GRANTED** and the amended complaint is dismissed without prejudice against Defendant Rambosk.

2. The **Clerk of Court** is directed to enter judgment accordingly as to Defendant Rambosk and to terminate this defendant.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___18th___ day of November, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

p
SA: OrlP-4  11/14
Copies: Norman Wayne Jones

7