UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

        Plaintiff,

v.                           Case No:  2:12-cv-375-Ftm-29DNF

MARCIA ECKLOFF, CORIZON,
KEVIN MCGOWAN, JANET
VALENTIN, TRINITY SERVICE
GROUP, INC., TOM BOWMAN,
SANDRA STERNAL and KEVIN
RAMBOSK,

        Defendants.

_____/

**OPINION AND ORDER**

This matter is before the Court on the following:

> The Motion to Dismiss Amended Complaint or Alternative Motion for More Definite Statement filed by Defendant Kevin McGowan (Doc. 34, filed April 5, 2013);

> The Motion to Dismiss for failure to State a Claim or Alternative Motion for Summary Judgment by Defendants Tom Bowman, Sandra Sternal, and Trinity Service Group, Inc. (Doc. 63, filed June 20, 2013); and

> Plaintiff's Response in Opposition to the Motion to Dismiss filed by Tom Bowman, Sandra Sternal, and Trinity Service Group, Inc. (Doc. 73, filed August 5, 2013).

For the reasons set forth in this Order, Defendant McGowan's motion (Doc. 34) is **GRANTED**. The motion to dismiss filed by Defendants Bowman, Sternal and Trinity Service Group, Inc. ("Trinity") is **GRANTED**. The claims against Defendants

Marcia Eckloff, Corizon, and Janet Valentin are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has failed to adequately state a claim against any defendant, he must file a second amended complaint if he wishes to proceed with this case.

I.   **Background**

Plaintiff initiated this action by filing a complaint against the Collier County Sheriff's Office, Corizon, Marcia Eckloff, Kevin McGowan, and Janet Valentin (Doc. 1, filed July 13, 2013). Because the complaint did not comply with the Federal Rules of Civil Procedure, Plaintiff was ordered to file an amended complaint (Doc. 10). In the order to file the amended complaint, Plaintiff was directed to "clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint." (Doc. 10 at 2). The Court noted:

> Although personal participation is not specifically required for liability under section 1983, **there must be some causal connection between the defendant named and the injury allegedly sustained.** One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.

(Doc. 10 at 2-3) (emphasis in original). On October 16, 2012, Plaintiff filed an amended complaint in which he named as

defendants Marcia Eckloff, Corizon, Kevin Rambosk, Kevin McGowan, Janet Valentin, Trinity Service Group, Inc., Tom Bowman, and Sandra Sternal (Doc. 16).

In his amended complaint, Plaintiff generally alleges that the defendants at the Collier County Jail have failed to provide him with proper medical care (Doc. 16). Specifically, Plaintiff asserts that he needs a special diet and that the diet provided by the defendants is not the medically ordered diabetic diet to which he is entitled.[1]

Plaintiff seeks fifty million dollars in monetary damages due to his numb toes, weak joints, emotional distress, mental anguish, and future loss of organs (Doc. 16 at 6). He also wants "Corizon Health Provider and Tom [Bowman] of Trinity to stop pinching every penny and to quit complaining about their

---

[1] The facts, as alleged in Plaintiff's amended complaint are accepted as true. However, the hand-written complaint is disjointed and difficult to read. Certain portions of the complaint are illegible and fail to articulate specific acts by the defendants that Plaintiff believes give rise to constitutional violations. The Court will not speculate as to the constitutional violations Plaintiff is alleging in the illegible portions of his amended complaint. Accordingly, to the extent Plaintiff intended to raise additional claims or allege additional facts against any defendant not considered by the Court in this Order, such claims are dismissed pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(b)(ii).

budget." (Doc. 16 at 10).  Finally, he wants Sheriff Rambosk "to investigate these facts." Id.[2]

Defendant McGowan moves to dismiss Plaintiff's amended complaint on the ground that it asserts only "vague and conclusory allegations against Defendant McGowan which are unsupported by the factual allegations necessary to adequately plead a cause of action under 42 U.S.C. [§] 1983." (Doc. 34 at 2).  Alternatively, Defendant McGowan requests that Plaintiff be required to provide a more definite statement so that he can frame a responsive pleading.  Id.

Defendants Bowman, Sternal, and Trinity move to dismiss Plaintiff's claims for injunctive relief because Plaintiff is no longer confined at the Collier County Jail (Doc. 63 at 4). These defendants also argue that Plaintiff suffered no more than *de minimis* physical injuries in connection with this claim (Doc. 63 at 6), and that Plaintiff has not adequately stated a claim upon which relief may be granted against any Trinity defendant (Doc. 63 at 9).[3]

---

[2] Defendant Rambosk was dismissed from this action on November 18, 2013 (Doc. 74).

[3] These defendants have submitted numerous documents in support of their motion, and request that, if considering these documents, the Court convert their motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 63).  Because the Court finds that it would be more appropriate at this stage of the proceedings to require Plaintiff to amend his complaint, the Court declines to convert the Rule 12(b)(6) motion to dismiss

II.  <u>**Legal Standards**</u>

    a.  ***Standard of review for a motion to dismiss***

    In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff.  <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (discussing a Rule 12(b)(6) dismissal); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

    The Court employs the <u>Twombly</u>-<u>Iqbal</u> plausibility standard when reviewing a complaint subject to a motion to dismiss. <u>Randall v. Scott</u>, 610 F.3d 701, 708, n.2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's

---

into a Rule 56 motion.  Consequently, the Court will not consider the documents submitted with the motion to dismiss.

claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 556 (2007);
<u>Marsh</u>, 268 F.3d at 1036 n.16.   Thus, "the-defendant-unlawfully
harmed me accusation" is insufficient.   <u>Iqbal</u>, 556 U.S. 662,
677.   "Nor does a complaint suffice if it tenders naked
assertions devoid of further factual enhancement."   <u>Id.</u>
(internal modifications omitted).   Further, courts are not
"bound to accept as true a legal conclusion couched as a factual
allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

### b.   *Standard of review under 28 U.S.C. § 1915(e)*

A federal district court is required to review a civil
complaint filed *in forma pauperis* and to dismiss any such
complaint that is frivolous, malicious, or fails to state a
claim upon which relief may be granted. 28 U.S.C. § 1915. The
mandatory language of 28 U.S.C. § 1915 applies to all
proceedings *in forma pauperis*. Specifically, the section
provides:

> Notwithstanding any filing fee, or any
> portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that--
>
> (A) the allegation of poverty is untrue;
> or
>
> (B) the action or appeal-
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on
> > which relief may be granted;
> > or

> (iii)seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640, n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 555–56.

In making the above determinations under Rule 12(b)(6) or 28 U.S.C. § 1915(g), all factual allegations in the complaint must be viewed as true. <u>Brown v. Johnson</u>, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

### c.   *Deliberate indifference*

Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 (1976). To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. <u>Youmans v. Gagnon</u>, 626 F.3d 557, 563 (11th Cir. 2010).

In evaluating claims of deliberate indifference, the Eleventh Circuit has considered: (1) indifference by prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; and (3) interference with treatment once prescribed. <u>See</u> <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004). Relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the

reason for the delay." Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007).

### III. Analysis

#### a. Defendant McGowan

Plaintiff's sole allegations against Defendant McGowan are that he is the "commander/supervisor" over the medical dept, [sic] and is in violations of failure to protect the prisoners from medical abuse, supporting all medicals [unintelligible]" and "the commander 'McGowan is aware of all this and refuses to do anything about it when it is his job to do so. He is over that department oversees it." (Doc. 16 at 6-7). Plaintiff also alleges that, when he has told Defendant McGowan that his diet is killing him, McGowan has assured him that he will be okay (Doc. 16 at 8).

To the extent that Plaintiff's claims are predicated upon Defendant McGowan's responses to his grievances, filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008)

("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)); Lomholt v. Holder, 287 F.3d 683, 683 (8th Cir. 2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim). That Plaintiff was displeased with Defendant McGowan's answers to his complaints does not state a claim upon which relief can be granted.

To the extent Plaintiff seeks to attribute liability to Defendant McGowan under the theory of *respondeat superior*, it is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that [supervisor] who provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

Plaintiff's amended complaint does not allege that Defendant McGowan was involved in any decisions regarding his meals or that he implemented a policy that was the moving force behind any alleged constitutional violations. In fact, Plaintiff does not even allege that a particular custom or practice contributed to, or caused, a violation of his constitutional rights. To the contrary, Plaintiff alleges that other defendants violated his constitutional rights because they failed to provide him with a medically ordered diet (Doc. 16 at 7). Accordingly, Plaintiff has not stated a claim against Defendant McGowan.

### b.   *Defendants Bowman and Sternal*

Plaintiff alleges that Defendant Bowman "fails to give me the medically [prescribed] diet ordered by the Doctor and gives me what he choos[es], and discriminates against just me and tampers with what little food I do get by shorting the portions compared to others." (Doc. 16 at 2). Plaintiff alleges that Defendant Sternal "is the dietician who picked out the food the diabetics receive. The high carbohydrate diet that is damaging all my internal organs, my vision, the eropathy [sic] in my feet my toes go numb." (Doc. 16 at 6).

The allegations against these defendants are insufficient to state a claim for deliberate indifference. Plaintiff has not

11

explained how Defendant Bowman tampers with his food[4], and he has not alleged that Bowman's tampering has caused his health problems.  Likewise, Plaintiff has not explained how Defendant Sternal's choice of food for his diabetic diet, which Plaintiff inconsistently asserts is chosen by Defendant Bowman, is more than a mere disagreement with her medical judgment or at most, medical malpractice, rather than deliberate indifference.[5]

Accordingly, the claims against these defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

### c.   *Defendant Trinity Service Group, Inc.*[6]

---

[4] The Court notes that Plaintiff also blames other parties for the unacceptable constitution of his food (Doc. 16). Accordingly, it is unclear whether Plaintiff now asserts that Defendant Bowman *further* tampers with his food after it is prepared or whether he alleges that Defendant Bowman instructs other defendants to alter his medically prescribed diet.

[5] To be an actionable *constitutional* violation, the basis for the deliberate indifference claim may not be more akin to a claim for medical malpractice, which — it is worth pointing out — is the claim alleged in the operative complaint. See Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (the inadvertent or negligent failure to provide adequate medical care does not constitute an unnecessary and wanton infliction of pain.).

[6] Private contractors that run prisons act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n. 3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that respondeat superior is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

Plaintiff asserts that Trinity Services Group, Inc. "is who placed Mr. Bowman in the supervisor's position and has allowed him to run things as he sees fit, and is responsible for his actions as well." (Doc. 16 at 6).   Plaintiff does not allege that Trinity Service Group had a policy or custom in place of denying diabetic meals to prisoners.   Rather, the amended complaint predicates liability on Defendant Trinity based solely on the theory of *respondeat superior* and upon Plaintiff's belief that Trinity should be held responsible for the actions of Defendant Bowman.   Such claim is barred unless Plaintiff can show that a Trinity policy or custom <u>caused</u> his injury.   Because Plaintiff has not shown or alleged a causal relationship between the activities or policies of Trinity and his alleged constitutional deprivation, the claims against this defendant are dismissed for failure to state a claim upon which relief may be granted.   <u>See</u> discussion, <u>supra</u>, Part III(a).

### d.   *Plaintiff's claims for injunctive relief are moot*

To the extent Plaintiff asks for injunctive relief, the claim is dismissed. When an inmate seeks injunctive or declaratory relief concerning his place of incarceration, his claims for such relief become moot when he is no longer subjected to those conditions. <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147 (1975); <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988) ("an inmate's claim for injunctive and declaratory

relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.") (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)); Cf. Johnson v. Turpin, 2001 WL 520804, at *1 (11th Cir. Apr. 11, 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place). In the event Plaintiff is returned to the Collier County Jail, a dismissal without prejudice allows him to re-file his claims. See Wahl, 773 F.2d at 1174.

Plaintiff filed a change of address with this Court on March 1, 2013 showing that he is no longer incarcerated at the Collier County Jail (Doc. 20). Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury. Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985). Absent in this case is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. Id. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

14

In light of the foregoing, all of Plaintiff's claims for injunctive relief are dismissed as moot.

### e. **Plaintiff has not stated a claim against any remaining defendant**

Although Plaintiff makes allegations against Defendants Marcia Eckloff, Corizon, and Janet Valentin, his complaint fails to state an actionable claim against any of them.

Plaintiff alleges that Defendant Eckloff "failed to provide medical care when needed and has failed to provide medical and dental attention." (Doc. 6 at 10).  This allegation is too vague to state a claim, and the Court will not speculate as to whether this claim is even related to the diet claim raised against the Trinity defendants.  Moreover, the handwritten portion of Plaintiff's complaint in which Defendant Eckloff is discussed is largely illegible, but appears to rest on a disagreement with the level of dental care Plaintiff has received at the Collier County Jail (Doc. 7).  An unrelated claim against an unrelated defendant regarding Plaintiff's dental care should be raised in a separate suit to prevent confusion and to ensure that Plaintiff pays the required filing fees.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3

the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).").

Plaintiff's claim against Corizon appears to be based completely on his dissatisfaction with the medical care provided by Defendant Eckloff.   To the extent Plaintiff seeks to attribute blame to Defendant Corizon through a theory of *respondeat superior*, such claim is barred unless Plaintiff can show that a Corizon policy or custom <u>caused</u> his injury. Because Plaintiff has neither shown nor alleged a causal relationship between the activities or policies of Corizon and his alleged constitutional deprivation, the claims against this defendant are dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii); <u>see also</u> discussion <u>supra</u>, Part III(a).

Finally, Plaintiff alleges that Defendant Valentin "has discriminated against me personally by neglecting to give the proper medical care she give[s] everyone else and for isolating me away from all other prisoners and allowing the diet order she prescribed malpractice." (Doc. 16 at 6).   Again, these vague and conclusory allegations do not state a claim, much less a constitutional claim, against Defendant Valentin.

The claims against Defendants Eckloff, Corizon, and Valentin are dismissed for failure to state a claim upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. **Conclusion**

Plaintiff will be allowed a <u>final</u> opportunity to amend his complaint against Defendants Eckloff, Corizon, McGowan, Valentin, Trinity Service Group, Inc., Tom Bowman, and Sandra Sternal. However, Plaintiff should amend his complaint only if the facts support a conclusion that a defendant was directly and personally involved in the deprivation of Plaintiff's constitutional rights. Any amendment should completely comply with the Federal Rules of Civil Procedure. ***Plaintiff's amended complaint will be subject to review pursuant to 28 U.S.C. § 1915(e) and will be dismissed if Plaintiff fails to state claims upon which relief may be granted.***

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Second Amended Complaint**. The second amended complaint must include all of Plaintiff's claims he intends to assert; it should not refer back to any earlier complaint. Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not re-alleged are deemed abandoned. <u>See</u> <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must state what rights under the Constitution, laws,

or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. Sims v. Adams, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

18

If Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint.   However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint.   In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim.   The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number.   Of course, Plaintiff should file an amended complaint <u>in</u> <u>this</u> <u>action</u> by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action.   Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

Plaintiff is reminded that, although he filed this action as a *pro se* litigant, he is still required to plead a complaint that complies with the Federal Rules of Civil Procedure. <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998)(holding that even in the case of *pro se* litigants, a court does not have license to serve as de facto counsel for a party or to re-write an otherwise deficient pleading in order to sustain an action), overruled on other grounds as recognized in <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010); <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.

1989)(finding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).   District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to intervene at the earliest possible moment in the proceedings and require the plaintiff to re-plead his entire case. Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991) (abrogated on unrelated grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008)). Accordingly, to the extent Plaintiff wishes to file an amended complaint, he should ensure that the complaint complies with Rule 8(a) of the Federal Rules of Civil Procedure.  Notably, if Plaintiff's handwriting is illegible, the Court will not speculate as to the claims or facts Plaintiff was attempting to set forth; rather, the Court will dismiss that portion of the complaint.

Accordingly, it is hereby **ORDERED**:

1.   Defendant Kevin McGowan's motion to dismiss (Doc. 34) is **GRANTED,** and the amended complaint is dismissed without prejudice against Defendant McGowan;

2.   The motion to dismiss filed by Defendants Tom Bowman, Sandra Sternal, and Trinity Service Group, Inc. (Doc. 63) is **GRANTED,** and the amended complaint is dismissed without prejudice against Defendants Bowman, Sternal, and Trinity Service Group, Inc.;

3.   The claims against Defendants Marcia Eckloff, Corizon, and Janet Valentin are dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii);

4.   Plaintiff may amend his complaint against Defendants Eckloff, Corizon, McGowan, Valentin, Trinity Service Group, Inc., Bowman, and Sternal.   Failure to do so by **December 16, 2013** will result in a separate order from this Court directing the Clerk to enter judgment in favor of these defendants and to close this case; and

5.   The **Clerk of Court** is directed to provide Plaintiff with a copy of the pre-printed civil rights complaint form.

**DONE** and **ORDERED** in Fort Myers, Florida, this ___2nd___ day of December, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

21

```
SA:  OrlP-4  11/29
Copies: Norman Wayne Jones
Encl:  Pre-printed civil rights complaint form
```