UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

            Plaintiff,

v.                           Case No:  2:12-cv-375-Ftm-29DNF

MARCIA ECKLOFF, CORIZON, KEVIN
MCGOWAN, JANET VALENTIN,
TRINITY SERVICE GROUP, INC.,
TOM BOWMAN, SANDRA STERNAL and
KEVIN RAMBOSK,

            Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the Court upon review of the file. Plaintiff Norman Wayne Jones ("Plaintiff") has filed a second amended complaint at this Court's order (Doc. 81, filed January 16, 2014). In the order directing Plaintiff to file a second amended complaint, he was cautioned that the complaint would be subject to review under 28 U.S.C. § 1915(e) and would be dismissed if Plaintiff failed to state claims upon which relief could be granted (Doc. 77 at 17). The complaint is presently before the Court for screening pursuant to 28 U.S.C. § 1915.[1]

_____

[1]   Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.  This review process was implemented in an effort to reduce meritless prisoner litigation. Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996); see H.R. Rep. No. 104-378, 104th Cong. 1st Sess. 166.

For the reasons set forth in this Order, the claims against each defendant are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(b)(ii). Alternatively, the second amended complaint is dismissed due to Plaintiff's failure to reveal his litigation history.

## I.   Background

Plaintiff initiated this action by filing a complaint against the Collier County Sheriff's Office, Corizon, Marcia Eckloff, Kevin McGowan, and Janet Valentin (Doc. 1, filed July 13, 2012). Because the complaint did not comply with the Federal Rules of Civil Procedure, Plaintiff was ordered to file an amended complaint (Doc. 10). In the order requiring an amended complaint, Plaintiff was directed to "clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint." Id. at 2.  The Court noted:

> Although personal participation is not specifically required for liability under section 1983, **there must be some causal connection between the defendant named and the injury allegedly sustained.** One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.

Id. at 2-3 (emphasis in original). On October 16, 2012, Plaintiff filed an amended complaint in which he named as defendants Marcia Eckloff, Corizon, Kevin Rambosk, Kevin McGowan, Janet Valentin,

2

Trinity Service Group, Inc., Tom Bowman, and Sandra Sternal (Doc. 16).

In response to Plaintiff's first amended complaint, Defendant Kevin Rambosk moved to dismiss the complaint on the ground that it did not attempt to allege or identify any policy or custom attributable to the sheriff that was the moving force behind the alleged § 1983 violation (Doc. 33). Defendant Rambosk also argued that *respondeat superior* liability does not apply in 42 U.S.C. § 1983 cases. Id. The motion to dismiss was granted because Plaintiff's amended complaint predicated liability on Defendant Rambosk based solely upon his position as the Sheriff of Collier County (Doc. 74).

Defendant Kevin McGowan also filed a motion to dismiss Plaintiff's amended complaint (Doc. 34). The motion was granted because Plaintiff's sole allegation against Defendant McGowan was that he supervised the medical department at the Collier County Jail. Accordingly, the Court reasoned, Plaintiff sought to predicate liability on McGowan under an improper *respondeat superior* theory of liability (Doc. 77 at 9-11).

A third motion to dismiss Plaintiff's amended complaint was filed by defendants Thomas Bowman, Sandra Sternal, and Trinity Service Group, Inc. (Doc. 63). These defendants submitted numerous documents in support of their motion to dismiss, but the Court declined to convert the motion to dismiss into a Rule 56 motion for

summary judgment and did not consider the documents (Doc. 77 at 4).
The Court concluded that Plaintiff had not explained how his
disagreement with Defendants Bowman and Sternal was more than a mere
disagreement with Defendant Sternal's medical judgment or, at most,
medical malpractice rather than deliberate indifference.
Accordingly, the claims against these defendants were dismissed
(Doc. 77 at 12). Plaintiff's claims against Trinity Services Group,
Inc. were dismissed because they were based solely upon a theory of
*respondeat superior* liability. Id. at 13.

The Court dismissed all claims against Defendants Eckloff,
Valentin, and Corizon under 28 U.S.C. § 1915(e)(2)(B)(ii) on the
ground that Plaintiff had failed to state a claim upon which relief
could be granted against these defendants. Specifically, the Court
noted that Plaintiff had not even alleged that the general claims of
medical malpractice were related to the diet claims he raised against
Defendants Bowman and Sternal. Next, the Court determined that
general medical malpractice claims were not properly brought in a 42
U.S.C. § 1983 action (Doc. 77 at 15-16). The claims against
Defendant Corizon were dismissed as improper *respondeat superior*
claims. Id.

Even though Plaintiff had already amended his complaint,
Plaintiff was given a final opportunity to attempt to state a claim
against the defendants (Doc. 77 at 17-20). In its detailed order to
amend, the Court reiterated its instruction that Plaintiff must show

4

some causal connection between the named defendants and the alleged injuries. Id. at 18.  Plaintiff was also cautioned that "more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." Id.  Plaintiff filed a second amended complaint on January 16, 2014 (Doc. 81).

## II.  Plaintiff's Second Amended Complaint

In his second amended complaint, Plaintiff alleges that defendants Marcia Eckloff, Corizon Health Care, Kevin McGowan, Janet Valentin, Trinity Service Group, Inc., Thomas Bowman, Sandra Sternal, and Kevin Rambosk were medically negligent for failing to provide proper medical care and violated his Eighth Amendment Right to be free from cruel and unusual punishment by failing to provide him with his medically ordered diabetic diet while he was confined at the Collier County Jail (Doc. 81 at 6). Plaintiff asserts that Defendant Rambosk did not properly supervise his staff so that they could properly treat Plaintiff. Id. at 11.  In support of these claims, Plaintiff alleges the following:

Plaintiff is an insulin dependent diabetic (Doc. 81 at 1). Defendants Valentin and Eckloff prescribed a diabetic diet for Plaintiff, but it consisted of large amounts of white bread, white rice, potatoes, or pasta. Id. at 1-2.  Plaintiff complained to Defendants Valentin and Eckloff that this amount of carbohydrate was improper. Id. at 10.  Rather than prescribe a different diet, as

demanded by Plaintiff, Defendants Valentin and Eckloff increased the amount of daily insulin injections Plaintiff received. Id. at 7.

Plaintiff informed Defendant Bowman that the food trays provided by Trinity Food Services did not follow "the medically perscribed [sic] diet order[ed] [by Doctor Valentin]," but continued instead to provide him a high carbohydrate diet (Doc. 81 at 10).

Plaintiff complained to Defendant Kevin McGowan that the diet he was receiving was slowly killing him, but Defendant McGowan would just smile and say "Ahh, you'll be ok Norman." (Doc. 81 at 11).

Plaintiff alleges that, as a result of the diet he received at the Collier County Jail, he has suffered damage to his internal organs, his vision has decreased over forty percent, his toes are numb, his feet fall asleep, and his heart, kidney, and bladder have malfunctioned (Doc. 81 at 10). Plaintiff seeks fifty million dollars in damages. Id. at 7-8.

### III. **Legal Standards**

Title 28 § 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ---
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>    (i)    is frivolous or malicious;
>
>    (ii)   fails to state a claim on which relief may be granted; or

6

> (iii)   seeks   monetary   relief
> against a defendant who is
> immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are clearly baseless. Id. at 327; Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)[.]"). A complaint fails to state a claim when it does not include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). "However, the court need not accept

inferences drawn by [Plaintiffs] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." In re Delta/AirTran Baggage Fee Antitrust Litig., 733 F.Supp.2d 1348, 1358 (N.D. Ga. 2010). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); Miller v. Stanmore, 6356 F.2d 986, 988 (5th Cir. 1981).

**IV. Analysis**

**a. Defendant Marcia Eckloff and Defendant Janet Valentin**

In his second amended complaint, Plaintiff asserts that the diabetic diet prescribed by Defendants Eckloff and Valentin was unsuitable and that these defendants attempted to regulate Plaintiff's blood sugar through insulin injections and their own prescribed diabetic diet instead of the diet Plaintiff informed them was necessary (Doc. 81 at 7).

The law is well settled that medical malpractice — negligence by a physician — is insufficient to form the basis of a claim of deliberate indifference. Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). In Estelle v. Gamble, the United States Supreme Court described the boundary between medical malpractice and § 1983 claims alleging cruel and unusual punishment:

> [I]n the medical context. An inadvertent failure
> to provide adequate medical care cannot be said
> to constitute "an unnecessary and wanton
> infliction of pain" or to be "repugnant to the

8

conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

429 U.S. 97, 106 (1976).

The conceptual distinction drawn in Estelle between constitutional misconduct and negligent medical treatment is an important one, and clearly borne out by the burden placed on inmates seeking to establish an Eighth Amendment deprivation.  An inmate can only prove a constitutional violation by setting forth evidence of: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).  To establish deliberate indifference to a serious medical need, a prisoner must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. Goebert v. Lee County, 510 F.3d 1312, 1326-27 (11th Cir. 2007).

The Court will assume, without deciding, that Plaintiff's insulin dependent diabetes is a serious medical need and that, because they were Plaintiff's treating physicians, Defendants

Eckloff and Valentin had subjective knowledge of that serious medical need.  Notwithstanding Plaintiff's serious medical need however, the Court concludes that the factual allegations of the second amended complaint do not reasonably support an inference of deliberate indifference.

Plaintiff does not assert that Eckloff or Valentin refused to treat his diabetes.  Rather, he complains that the doctors did not treat his diabetes the way he preferred it be treated – by changing the diabetic diet they had ordered.  Eleventh Circuit law is clear: when medical treatment decisions are responsive to an inmate's needs and rooted in professional, medical judgment — even if such decisions are misguided or ineffectual — a claim for deliberate indifference cannot be sustained.  "[T]he propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action." Enriquez v. Kearney, 694 F.Supp.2d 1282, 1296 n. 13 (S.D. Fla. 2010); see also Estelle, 429 U.S. at 107 ("[T]he question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (noting that "a simple difference in medical opinion" does not constitute deliberate indifference).

Plaintiff has not alleged facts beyond those showing a disagreement with his course of treatment.  Plaintiff's second amended complaint is devoid of factual content from which one might

reasonably infer that these defendants' decision to use insulin and their own prescribed diet to treat Plaintiff's diabetes was based on anything other than their professional medical judgment – even if incompetently exercised.  Accordingly, Plaintiff has failed to show that Defendants Eckloff and Valentin acted with deliberate indifference, and the claims against these defendants are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

> **b.  *Defendant Thomas Bowman and Defendant Sandra Sternal***

Plaintiff asserts that Defendant Bowman, who is the food service supervisor at the Collier County Jail, failed to provide him with the diet prescribed by Defendant Valentin (Doc. 81 at 10).  Plaintiff asserts that he filed over 100 grievances with Defendant Bowman who responded by informing Plaintiff that he was receiving the correct diet.[2] Id.  Plaintiff makes no specific allegation against Defendant Sternal other than to state that she is a licensed dietician.  Id.

In this Court's December 2, 2013 order dismissing Plaintiff's claims (Doc. 77), it was explained that in order to state a claim for deliberate indifference against these defendants, Plaintiff must demonstrate that his claims are predicated upon more than his

---

[2] Plaintiff appears to inconsistently assert that Defendants Bowman and Sternal are liable for deliberate indifference because they refused to <u>follow</u> the diet prescribed by Valentin (which Plaintiff alleges was a faulty diet that caused his problems) and also because they refused to <u>alter</u> the diet prescribed by Defendant Valentin to comply with Plaintiff's preferences.

personal dissatisfaction with Defendant Sternal's choice of food for his diabetic diet. Id. at 12.  Plaintiff was also instructed that he would need to allege sufficient facts to show how Defendant Sternal's choice of food for his diabetic diet "is more than a mere disagreement with her medical judgment or at most, medical malpractice, rather than deliberate indifference." Id.  Plaintiff has not complied with the Court's order.  In fact, Plaintiff has not made a single allegation against Defendant Sternal other than stating that she is a registered dietician.  Accordingly, all claims against Defendant Sternal are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff states that he filed over 100 grievances with defendant Bowman, but that Bowman repeatedly assured him that he was receiving the correct diet (Doc. 81 at 10).  A review of the approximately 130 grievances filed by Plaintiff indicates that the grievances appear to be based primarily upon Plaintiff's allergies to rice and bologna; his desire to receive more potatoes instead of pasta; his desire for fresh turkey instead of cheese, eggs, peanut butter, or soy products; his tardy or missing morning snacks; disagreements with portion sizes on his tray; missing diet sugar in his snacks; and periodic problems with other missing or damaged items in his snacks or the inclusion of processed meat on his tray. Plaintiff also complained that Defendant Bowman should spend more money on his diet because it had been medically prescribed (Doc. 65

at Ex. C).[3]   On June 6, 2012, Plaintiff wrote a single grievance in which he complained of receiving white bread on his tray (Ex. C, Part III at 3).   In response, it was explained to Plaintiff that a delivery of whole wheat bread had been rejected due to quality concerns and that the substituted white/wheat bread had the same glycemic impact as whole wheat.   Id.   This appears to be the only grievance in which Plaintiff complained of the issues raised in his second amended complaint.

After reviewing the allegations in Plaintiff's second amended complaint and the grievances referenced therein, the Court concludes that Plaintiff has not stated a claim for deliberate indifference against Defendant Bowman.   Rather, the facts as alleged by Plaintiff support only a claim that the kitchen staff at the Collier County Jail, none of whom are named as defendants, were negligent in the

---

[3]   The grievances, which are referenced in, and central to, Plaintiff's second amended complaint were filed by Defendant Bowman in support of his motion to dismiss Plaintiff's first amended complaint (Doc. 65 at Ex. C).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). However, the Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  Plaintiff repeatedly refers to these grievances, complaining that they were denied, and stating that he has Defendant Bowman's "responses, times, [and] dates, stating that [Plaintiff] [was on] the correct diet." (Doc. 81 at 10).  Accordingly, the grievances filed by Plaintiff regarding his diet may be properly considered by this Court.

provision of Plaintiff's meals.  Deliberate indifference is not the same as negligence or carelessness.  <u>Ray v. Foltz</u>, 370 F.3d 1079, 1083 (11th Cir. 2004).  In addition, even if the actions of the kitchen staff rose to the level of a constitutional violation, Plaintiff has not established that Defendant Bowman himself, as opposed to the employees he supervised, was deliberately indifferent to the Plaintiff's serious medical needs.

Finally, to the extent Plaintiff bases his claims upon Defendant Bowman's denial of his grievances, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly liable conduct brought to light by the grievance, even when the grievance is denied. <u>See</u> <u>Lomholt v. Holder</u>, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of Plaintiff's grievances did not state a substantive constitutional claim).  That Plaintiff was displeased with Defendant Bowman's answers to his grievances does not state a claim upon which relief can be granted.

Plaintiff has not alleged sufficient facts from which this Court might reasonably infer that Defendant Bowman was deliberately indifferent to Plaintiff's serious medical needs. Accordingly, all claims against Defendant Bowman are dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### c.   Defendant Kevin Rambosk

Defendant Kevin Rambosk was dismissed from this action on November 18, 2013 (Doc. 74).   In the order of dismissal, it was explained to Plaintiff that his amended complaint did not allege that Defendant Rambosk was involved in any decisions regarding the meals given to Plaintiff or that he implemented a policy that was the moving factor behind the alleged constitutional violations. Rather, the amended complaint attempted to predicate liability on Defendant Rambosk based solely upon his position as the Sheriff of Collier County. Id. at 6.

Plaintiff again names Defendant Rambosk in his second amended complaint, but does not expand upon the allegations against him. Rather, Plaintiff attempts to attribute supervisory liability against this defendant by stating that "Kevin Rambosk failed in his duties of supervision, care and treatment of all inmates also failed in his supervision of his staff." (Doc. 81 at 11).

It is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Therefore, supervisors, employers, and private contractors cannot be

sued under § 1983 simply on a theory of *respondeat superior*.[4]   See
Kruger v. Jenne, 164 F.Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing
Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)(explaining
that [supervisor] who provided medical care for state inmates could
not be sued under § 1983 on *respondeat superior* theory)).

Plaintiff's second amended complaint again fails to state a
claim against Defendant Rambosk.   The amended complaint does not
allege that Rambosk was involved in any decisions regarding the meals
given to Plaintiff or that he implemented a policy that was the
moving force behind the alleged constitutional violations.
Plaintiff does not even allege that a particular custom or practice
was the cause of the alleged violation of his constitutional rights.
To the contrary, Plaintiff alleges that the employees at the Collier
County Jail violated his constitutional rights because they failed
to follow a medically ordered diet (Doc. 81 at 6-7).   As stated
above, there is no *respondeat superior* liability under § 1983.
Accordingly, all claims against Defendant Rambosk are dismissed for
failure to state a claim upon which relief can be granted. 28 U.S.C.
§ 1915(e)(2)(B)(ii).

---

[4] Private contractors that run prisons act under color of state law
for purposes of § 1983 liability.   Farrow v. West, 320 F.3d 1235,
1239 n. 3 (11th Cir. 2003). Nevertheless, as explained herein, the
principle that *respondeat superior* is not a cognizable theory of
liability under § 1983 holds true regardless of whether the entity
sued is a state, municipal, or private corporation. Harvey v. Harvey,
949 F.2d 1127, 1129-30 (11th Cir. 1992).

### d.   *Defendant Kevin McGowan*

Defendant McGowan was dismissed from this action on December 2, 2013 (Doc. 77).   In the order of dismissal, the Court determined that Plaintiff's displeasure with Defendant McGowan's responses to his complaints and grievances did not state a claim upon which relief could be granted. Id. at 10.   The Court further determined that Plaintiff's attempt to attribute liability to Defendant McGowan under the theory of *respondeat superior* was improper because Plaintiff's amended complaint did not allege that McGowan was involved in decisions regarding Plaintiff's meals or that he was the moving force behind any alleged constitutional violations. Id. at 11.

Plaintiff again names Defendant McGowan in his second amended complaint, but fails to allege that he was involved in decisions regarding the provision of Plaintiff's meals or was the moving force behind the alleged constitutional violations.   Rather, Plaintiff attributes liability to Defendant McGowan, based upon McGowan's position as "supervisor, commander over medical [department], Corizon, also, Trinity Service Group, Inc., food service/Tom Bowman from Oct 6th 2011 thru [sic] 12-12-2012." (Doc. 81 at 11).

As was explained to Plaintiff in the prior order of dismissal, supervisors are not liable under § 1983 for the alleged unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability (Doc. 77 at 10).

17

Accordingly, Plaintiff's claims against Defendant McGowan are dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

> **e.   *Defendant Corizon and Defendant Trinity Services Group, Inc.***

Plaintiff's claims against Corizon appear to be based solely upon a theory of *respondeat superior* because Corizon is the employer of Eckloff and Valentin. The sole allegation concerning Corizon is a four word sentence fragment - "Corizon being their employer" - which is placed after the portion of the second amended complaint in which Plaintiff describes how Defendants Eckloff and Valentin refused to alter his medically prescribed diet (Doc. 81 at 10).

The claims against Defendant Trinity Service Group, Inc. appear to be based solely upon a theory of *respondeat superior* because Trinity Service Group is the employer of Defendants Bowman and Sternal.  The sole allegation concerning Trinity Service Group is a short sentence fragment - "Trinity Service Group, Inc. being their employer" - placed after Plaintiff alleges that Defendant Bowman failed to satisfactorily respond to his grievances (Doc. 81 at 10).

As was explained to Plaintiff in the order dismissing his first amended complaint, to the extent Plaintiff seeks to attribute blame to Defendant Corizon or Defendant Trinity Service Group, Inc. through a theory of *respondeat superior*, such claims are barred unless Plaintiff can show that a custom or policy of these defendants caused his injury (Doc. 77 at 13, 16).  Plaintiff does not allege that

either of these defendants had a policy or custom to deny diabetic meals to prisoners. Rather, Plaintiff predicates liability on these defendants based completely upon his belief that these defendants should be held responsible for the actions of their employees. Such a claim is an impermissible *respondeat superior* claim and is not properly brought in a § 1983 action.

Because Plaintiff has not shown or alleged a causal relationship between the activities or policies of Corizon or Trinity Service Group, Inc. and his alleged constitutional deprivation, the claims against these defendants are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

> **f.** ***Plaintiff's second amended complaint is subject to dismissal due to Plaintiff's failure to reveal his litigation history***

Plaintiff signed his second amended complaint on January 8, 2014 (Doc. 81 at 8). Plaintiff was questioned in Section III of the complaint form whether he had initiated other lawsuits in federal court "dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" In response to this question, Plaintiff checked "no" (Doc. 81 at 2). However, in 2012, Plaintiff filed Case Number 2:12-cv-510-JES-DNF in which he complained about the conditions he endured while confined at the Collier County Jail. In 2012, Plaintiff also filed Case Number 2:12-cv-440-UA-SPC against Trinity Service Group, Inc. in which he raised the same, or similar, claims as the instant case

regarding his diet at the Collier County Jail.  Both of these cases dealt with the same or similar facts involved in this action or otherwise related to Plaintiff's imprisonment or conditions thereof.

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint.  See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); see also Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010)(upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young v. Secretary Fla. for Dept. of Corr., 380 F. App'x 939, (11th Cir. 2010) (same).

An action is deemed malicious when a plaintiff affirmatively misrepresents his prior litigation history on a complaint form that requires disclosure of such history and signs it under penalty of perjury.  See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (finding an action that had been dismissed for abusing the legal

process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Jones v.</u> <u>Brock</u>, 549 U.S. 199 (2007).   Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(b)(i) because of his failure to honestly provide the Court with his litigation history.

**ACCORDINGLY**, it is hereby **ORDERED**:

1.   Plaintiff's claims against Defendants Marcia Eckloff, Corizon, Kevin McGowan, Janet Valentin, Trinity Service Group, Inc., Thomas Bowman, Sandra Sternal, and Kevin Rambosk are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   Alternatively, Plaintiff's second amended complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(b)(i) because of Plaintiff's failure to provide the Court with his litigation history.

3.   The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida, on this ___23rd___ day of January, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 1/23/14
Copies to:  parties of record